IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FRANKIE L. WILLIAMS                                                                                    PETITIONER

VS.                                                             CIVIL ACTION NO.  3:21-cv-37-DPJ-FKB

ANDREW MILLS                                                                                         RESPONDENT

## REPORT AND RECOMMENDATION

Before the Court is the petition [1] for habeas corpus relief filed by Frankie L. Williams, to which Respondent has filed an answer [13], and Williams has filed a response to the answer [16].  For the reasons explained below, the undersigned recommends that the petition be denied and that this matter be dismissed with prejudice.

I.    FACTS AND PROCEDURAL HISTORY

Williams is challenging his convictions by a jury in the Circuit Court of Sharkey County, Mississippi for the crimes of first-degree murder (Count I) and possession of a weapon by a convicted felon (Count II).  [1] at 1.  The trial court sentenced Williams to life imprisonment on Count I and ten years on Count II, with the sentences to run concurrently.  *Id.* at 1.

Williams appealed his convictions and sentences to the Mississippi Supreme Court, raising the following issues on appeal through counsel:

1. Whether the trial court denied Appellant Frankie Williams the constitutional right to act as his own counsel?

2. Whether trial counsel failed to provide effective assistance by failing to offer to stipulate to Appellant's prior conviction and thereby letting prejudicial and inflammatory evidence be presented unnecessarily to the jury?

[14-10] at 3.

On April 30, 2019, the Mississippi Court of Appeals affirmed Williams's sentences and convictions.  *Williams v. State*, 296 So. 3d 711, 713 (Miss. Ct. App. 2019), *reh'g denied* (Sept. 3,

2019). Based on a review of the record, eight members of the ten-member court found no merit to Williams's claim that the trial court violated his right of self-representation under either Mississippi law or federal constitutional law. *Id.* at 717-720. The court specifically found that Williams neither expressly waived counsel nor requested that he be allowed to represent himself. *Id.* at 718. Instead, the court found that while Williams may have wanted one of his counsel removed, he did not indicate a desire to represent himself or remove his other counsel. *Id.* at 719.[1] The court dismissed without prejudice Williams's claim of ineffective assistance of counsel, finding that it would be more appropriately considered in a petition for post-conviction relief. *Id.* at 722. Williams's motion for rehearing was subsequently denied. *Id.* at 711.

Williams filed a petition for writ of certiorari review before the Mississippi Supreme Court and argued that the trial court deprived him of his right to self-representation under state and federal law. Although the court initially granted the petition, *see* [13-3], upon further consideration, the court *en banc* dismissed the petition on its own motion, finding that "there is no need for further review." [1-1] at 1. Two justices objected to the *en banc* order in a separate written statement. *See id.* at 2-9.

Williams filed a *pro se* application for leave to proceed in the trial court and motion for post-conviction relief on June 22, 2020. [14-11] at 6-23. He raised the following grounds for relief:

1. Whether trial counsel was ineffective by failing to stipulate to Williams's prior convictions and thereby allowing presentation of prejudicial and inflammatory evidence to the jury.

---

[1] One judge, joined by another, dissented from the majority's conclusion that Williams did not assert his choice to represent himself. *Id.* at 722.

2. Whether trial counsel was ineffective by failing to request an evaluation of whether Williams was competent to waive representation and represent himself.

*Id.* at 8. On November 19, 2020, the Mississippi Supreme Court denied Williams's application on the merits. *See* [13-6].

Thereafter, Williams filed this action, raising one ground for relief, quoted as follows:

Ground One: Due process violation of 6th and 14th Amendment to self-representation.

The Court now turns to the petition.

II.     DISCUSSION

At the outset, the Court notes that its review of Williams's conviction is circumscribed. Federal courts do not sit as "super" state supreme courts in habeas corpus proceedings to review errors under state law. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). Instead, "[a] state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac*, 456 U.S. 107, 110 (1981)(citing 28 U.S.C. § 2254(a)).

Petitions for a writ of habeas corpus are governed by 28 U.S.C. § 2254. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the relevant portions of § 2254 provide, as follows:

> (b)  (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)  (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant,

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(b)-(d)(1996).

Claims that are adjudicated on the merits by the state court, either in direct appeal or in a post-conviction proceeding, are subject to the highly deferential standard of review of the AEDPA. The Supreme Court has repeatedly emphasized that "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)(quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, the application must be not only incorrect, but

also "objectively unreasonable," *id.* at 409, which is a "a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

The Supreme Court has observed that "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).  There is a "'highly deferential standard for evaluating state-court rulings' . . . which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).  Thus, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Although petitioner may have presented the state court with what the federal court believes to be a "strong case for relief[, it] does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102.

To the extent that Williams argues that the trial court violated his right to self-representation under Mississippi constitutional law and Rule 7.1(c) of the Mississippi Rules of Criminal Procedure, his claims concern the application of state law, which is not cognizable on federal habeas review.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions[;]" as "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties *of the United States.*")(emphasis added).

As for Williams's claim under federal law, the United States Supreme Court set out the contours of the Sixth Amendment right to self-representation in *Faretta v. California*, 422 U.S. 806 (1975).  In that case, the Supreme Court held that a criminal defendant has a right to self-

5

representation at trial when he knowingly and intelligently waives the right to counsel. *Faretta*, 422 U.S. at 807. "The defendant's waiver of his right to counsel must be unequivocal, and it should not be inferred by the court in the absence of a clear and knowing election." *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013)(citation omitted). However, even after asserting his *Faretta* rights, a defendant may nevertheless waive them by "acquiescing in certain types of participation by counsel." *United States v. Long*, 597 F.3d 720, 728 (5th Cir. 2010)(citation omitted). "'[O]nce a *pro se* defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his request that standby counsel be silenced. . . .'" *Id.* (quoting *Lefevre v. Cain*, 586 F.3d 349, 355-356 (5th Cir. 2009)). A defendant's failure to object to participation by standby counsel or to provide a reason for his failure to object to that help constitutes waiver of *Faretta* rights. *Lefevre*, 586 F.3d at 356-357.

     Having reviewed the entire record, and constrained by this Court's circumscribed review, the Court cannot find that the Mississippi Supreme Court's conclusion was an unreasonable application of federal law or an unreasonable determination of the facts based on the record. Although Williams indicated dissatisfaction with counsel, the record does not show that he, personally, ever unequivocally expressed his desire to represent himself. *Williams*, 296 So. 3d at 718; *see* [14-3] at 62-65, [14-4] at 67-70. Based on the record, an argument can also be made that Williams acquiesced to participation by his counsel as they continued to represent him throughout his four-day trial and subsequent sentencing hearing without further objection by him or any demand by him that he be allowed to represent himself. *See* [14-3], [14-4], [14-5], [14-6],

[14-7]; *see also Long*, 597 F.3d at 728.  A reasonable jurist could, therefore, conclude, consistent with federal law, that Williams waived his *Faretta* rights by acquiescing in his counsel's participation in the rest of his trial and at his separate sentencing hearing.  Accordingly, the Court recommends dismissal of Williams's petition alleging a violation of his federal constitutional right to self-representation.

### III.   CONCLUSION

For the reasons set forth in this Report and Recommendation, the undersigned recommends that Williams's petition be denied and that this matter be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 18th day of January, 2024.

/s/ F. Keith Ball                              .
UNITED STATES MAGISTRATE JUDGE

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).